## PETER COWELL v. THE STATE OF NEW JERSEY.

Submitted April 6, 1899—Decided June 12, 1899.

A complaint, which charges only that the accused, being intoxicated, indulged in loud, offensive and indecent language in the presence and hearing of other persons, both men and women, does not legally charge disorderly conduct within the meaning of section 6 of "An act concerning disorderly persons." *Gen. Stat*, *p.* 1198.

On *certiorari.*

Before Justices DIXON and LUDLOW.

For the prosecutor, *Henry S. Harris.*

For the state, *L. De Witt Taylor.*

The opinion of the court was delivered by

DIXON, J.  The complaint now under consideration charges that " Peter Cowell, being intoxicated, did indulge in loud, offensive and indecent language in the presence and hearing of persons, both men and women," contrary to the act concerning disorderly persons.

The meaning of the statute referred to is somewhat obscure. Its language (*Gen. Stat., p.* 1199, § 6) is " that any person or persons .who shall loiter or assemble on the streets, at the corners of the streets, or in the public places of any city, village, borough or township of this state, being under the influence of intoxicating liquor, or who, not being under such influence, shall indulge in and utter loud and offensive or indecent language," &c., shall be deemed and adjudged to be disorderly.

Probably the intention was to declare that intoxicated persons, who loitered or assembled at the designated places, should be deemed disorderly, and that persons, not intoxicated, who loitered or assembled at the designated places and there uttered loud and offensive or indecent language should likewise be deemed disorderly.

But whatever the intention may have been, it is clear that the statute does not make the use of loud and offensive or indecent language by intoxicated persons disorderly conduct unless such persons are loitering or assembled in the public places mentioned.

The complaint therefore is insufficient and the conviction must be set aside.

The ground for dismissing the writ of *certiorari,* suggested

in the brief of counsel for the state, that the proceedings, having been filed with the county clerk, had been reviewed and affirmed by the judge of the Common Pleas under the supplement to the act for the review of summary convictions by justices of the Supreme Court (*Gen. Stat.*, *p.* 1206), does not appear in the state of the case; but, if it did, it could have no effect, because, that supplement being unconstitutional (*Plainfield* v. *Hall*, 32 *Vroom* 437), the judge of the Common Pleas had no jurisdiction in the matter.